**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**KENNETH H. BYERS, JR.**                                                       **PLAINTIFF**

**CIVIL ACTION NO. 2:03cv480KS-MTP**

**JO ANNE B. BARNHART**                                                       **DEFENDANT**

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of a final decision of the Commissioner denying his claim for disability benefits. The matter comes before the Court at this time on Kenneth Byers' Appeal of the Administrative Ruling [10] and the Motion of Defendant, Commissioner, for an Order Affirming the Decision of the Commissioner [14]. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised, the Court finds as follows:

Plaintiff applied for Disability Insurance benefits pursuant to Title II of the Social Security Act on February 8, 2001 (Tr. 72-74). He alleged disability as of April 21, 1999 (Tr. 72-84). His application was denied initially, and upon reconsideration (Tr. 55-58). On October 3, 2002 Administrative Law Judge ("ALJ") Nancy Brock held a hearing at which Plaintiff, represented by counsel, appeared and testified (Tr. 31-54) along with Ronnie Smith, a vocational expert (VE) (Tr. 51-54). On January 10, 2003, using the sequential evaluation[1] the ALJ determined that Plaintiff was

---

[1] /The steps are taken from 20 C.F.R. § 404.1520:
1) Is the claimant engaged in substantial gainful activity?
2) Does the claimant have a severe impairment?
3) Does the claimant have an impairment that meets or equals an impairment found at 20 C.F.R. Part 404, Subpart P, Appendix 1?
4) Can the claimant return to prior relevant work?
5) Is there any work in the national economy which the claimant can perform?

not disabled within the meaning of the Social Security Act (Tr. 13-21). The ALJ denied Plaintiff's application because she found that Plaintiff retained a residual functional capacity (RFC) to perform sedentary work with a limitation that he avoid hazards, heights, and operating motor vehicles (Tr. 8-18). Additionally, the ALJ found that Plaintiff's RFC would allow him to perform work other than his past relevant work that existed in significant numbers in the national economy (Tr. 8-18). After the Appeals Council denied Plaintiff's request for review on July 7, 2003 (Tr. 4-6), the ALJ's decision became the final decision of the Commissioner and subject to judicial review. Accordingly, this matter is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

Plaintiff was 32 years old at the time of the ALJ's decision (Tr. 72). Plaintiff has a college degree, and in the relevant 15-year period, see 20 C.F.R. 404.1565(a); SSR 96-8p n.2, he had worked as a fitness assistant, a grocery store stocker, a warehouse truck loader, and as an assistant stocker at Wal-Mart (Tr. 77). Plaintiff suffers from back pain, numbness in his left leg, pain in both legs, seizures and depression (Tr. 12, 76, 286-300 ). Plaintiff injured his back while working at Wal-Mart as a stocking assistant on May 27, 1998 (Tr. 158). This injury was diagnosed as a herniated disc at L4-5, which required surgery of a lumbar hemilaninectomy and discectomy on August 25, 1998 (Tr.137 ). Plaintiff returned to work in some capacity and was injured again on April 8, 1999, when a garden hose fell on his head (Tr.149-161 ). He was treated for a laceration to his head (Tr. 149-161). On September 18, 1999, he suffered a grand mal seizure and has since been diagnosed with new onset seizure disorder (Tr.106-107, 172-182 ).

After these two injuries, Plaintiff received epidural steroid injections for his back (Tr.209), and was evaluated for depression (Tr.218 ). He exhibited symptoms of persistent discogenic disease and myoclonus of uncertain etiology (Tr. 249 ). He suffers from an adjustment disorder with mixed emotional features (Tr. 255, 257). Plaintiff takes immediate release morphine and MS Contin for

breakthrough pain (Tr.47-48). Side effects of this medication include drowsiness and impaired cognitive ability (Tr. 48). Plaintiff has not been employed in any work setting since applying for Social Security benefits and Supplemental Security Income (Tr. 17).

Plaintiff presents two issue on appeal. Plaintiff's first issue alleges that the ALJ ignored Dr. Lambert's opinion that he could not work (Pl. Memorandum at 4). Plaintiff contends that the ALJ did not specifically address side effects of the Plaintiff's pain medication which was a reason for Dr. Lambert to diagnose him as unable to work (Pl. Memorandum at 4). In his second issue, Plaintiff argues that the VE failed to identify other jobs existing in the national economy that he could perform (Pl. Memorandum at 4-5).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further defined that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if

substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence to the contrary.  Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).  The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision.  Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994); Harrell, 862 F.2d at 475.  If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.  Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994), rev'd on other grounds, Sims v. Apfel, 120 S. Ct. 2080, 2083, 2086 (2000).

## THE ISSUES

The Plaintiff alleges in his first issue that the ALJ did not consider the opinion of Dr. Lambert (Pl. Memorandum at 4). On March 3, 2001, Dr. Lambert, a family practitioner, opined that Plaintiff could not sustain gainful employment (Tr. 285). However, this opinion is not conclusive, as the ALJ has the sole responsibility for determining disability.  Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).  A statement that an individual is disabled or cannot work, is not a medical opinion, and an ALJ is not bound to accept such a statement, regardless of the source.  In fact, such matters are reserved for the Commissioner to decide.  20 C.F.R. § 404.1527(e)(1).  Even if given full weight, a physician's opinion is not controlling on the issue of whether an individual is able to work.  Martinez v. Chater, 64 F.3d 172, 175-76 (5th Cir. 1995).

Substantial evidence supports the ALJ's determination that Plaintiff's physical RFC would allow him to perform sedentary work (Tr. 17).  No other physician opined that Plaintiff was precluded from performing all work.  Dr. Beam, a physician with the "Work Well" program, and Dr. Lowry, a neurosurgeon, both released Plaintiff back to work with limitations after Plaintiff's initial injury and back surgery (Tr. 153-159, 167-168).  On April 18, 2001, Dr.

Winkleman performed an independent medical evaluation which post-dated Dr. Lambert's findings and released Plaintiff to work with limitations (Tr. 249-250). In April and July of 2001, two Disability Determination Services medical consultants found that Plaintiff was able to work with limitations (Tr. 222-229, 276-283). Dr. Lambert's opinion that Plaintiff could not work is not entitled to any special significance.  The Court finds that the ALJ's conclusion that Plaintiff could perform other work is supported by substantial evidence.

As to the second issue, there is substantial evidence in the record to support the ALJ's finding that Plaintiff could perform other work existing in significant numbers in the national economy.  Plaintiff bears the ultimate burden of proof on the issue of disability. Kramer v. Sullivan, 885 F.2d 206, 204 (5th Cir. 1989); Fraga v. Bowen, 810 F.2d 1296, 1301 (5th Cir. 1987). Moreover, Plaintiff bears the burden of proof through step four of the disability determination process. Bowling, 36 F.3d at 435; see also Anderson v. Sullivan, 887 F.2d 630, 632 (5th Cir. 1989).  At step five, the burden shifts to the Commissioner to prove that there are a significant number of jobs existing in the national economy that Plaintiff could perform.  Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999).

At the hearing, the ALJ asked the VE whether jobs exist in the national economy for an individual of the claimant's age, education, past relevant work experience and RFC as determined (Tr. 52-53).  The VE testified that assuming the hypothetical individual's specific work restrictions, he is capable of making a vocational adjustment to other work (Tr. 52-53). Moreover, given all of these factors, the Plaintiff could work at the sedentary, low semi-skilled jobs of phone solicitor, Dictionary of Occupational Titles (DOT) No. 299.357-014, of which there are 1,100 positions in Mississippi and 88,000 nationally; dispatcher, DOT No. 239.367-030, of which there are 148 positions in Mississippi and 31,214 positions nationally; and booth

cashier, of which there are 1,000 positions in Mississippi and 100,000 nationally. Additionally, the VE testified that someone with a marked limitation on their ability to maintain their attention and concentration for extended periods could not perform those jobs (Tr. 54). However, the ALJ did not find that Plaintiff had such a limitation (Tr. 17 at Finding 7), but found that Plaintiff could have potential problems in that area and modified Plaintiff's RFC accordingly (Tr. 17). There is substantial evidence to support this finding including an examination of the Plaintiff by Dr.Thurman on June 20, 2001, which showed his concentration to be excellent (Tr. 254).

## CONCLUSION

The Court finds that the Commissioner's decision that the Plaintiff had a residual functional capacity to perform a significant range of sedentary work with a limitation that he avoid hazards, heights, and operating motor vehicles is supported by substantial evidence. Additionally, there is substantial evidence that Plaintiff's RFC would allow him to perform work other than his past relevant work, which permitted him to perform a significant number of jobs in the national economy as identified by the vocational expert. Thus, the Court recommends that the decision of the Commissioner be affirmed.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the District Court

to which a party has not objected.  <u>Douglass v. United States Auto Ass'n</u>, 79 F.3d 1425 (5th Cir. 1996).

      THIS the <u>10th</u> day of August, 2006.

                                  s/ Michael T. Parker
                                  United States Magistrate Judge